IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CONTRELL PLUMMER, # B14235, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-cv-00682-MJR |
| | ) | |
| I.D.O.C., WEXFORD, DR. M FAHIM, | ) | |
| DAVID REDNOUR, FRANK LAWRENCE, | ) | |
| DR. FUENTAS, K. CRISS,  MED-TECH | ) | |
| AMY, UNKNOWN 8 GALLERY OFFICER, | ) | |
| UNKNOWN EMERGENCY ROOM | ) | |
| PHYSICIAN ASSISTANT and | ) | |
| GAIL WALLS, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Illinois Department of Corrections ("IDOC") has violated his constitutional rights in two respects. First, Plaintiff claims that Defendant IDOC has engaged in an unconstitutional taking of his personal property by requiring him to pay co-pays every time he receives medical treatment from medical professionals at Menard. Plaintiff believes this violates his Fourth and Fourteenth Amendment rights under the U.S. Constitution. Second, Plaintiff alleges that Defendant IDOC has violated his Eighth Amendment right to be free from cruel and unusual punishments due to the inhumane conditions of confinement at Menard. Next, Plaintiff alleges that Defendant Wexford has violated his Eighth Amendment rights by failing to provide adequate medical care. Plaintiff claims that the inadequate medical care is a direct result of Wexford's profit-inducing treatment

1

policies, which all medical staff employed by Wexford are required to follow. Next, Plaintiff alleges that Defendants Dr. Fuentas and Dr. M Fahim have refused to properly treat his serious medical conditions. Plaintiff believes this refusal is linked to the cost-saving policies of Wexford, which will not permit them to refer him to a specialist regarding his conditions. Plaintiff also states that these Defendants have failed to properly address his condition because he has filed grievances against them. Plaintiff asserts that those two Defendants have violated his Eighth and First Amendment rights. Next, Plaintiff alleges Defendant Rednour, Warden of Menard, violated his First and Eighth Amendment rights because he failed to respond to emergency grievances directed to him concerning Plaintiff's medical conditions. Next, Plaintiff alleges Defendant Med-Tech Amy was deliberately indifferent to his serious medical needs on August 10, 2010, when she allegedly would not provide Plaintiff treatment for a sore and scratchy throat without prepayment of a co-pay. Additionally, Plaintiff alleges that he again complained to Defendant Med-Tech Amy on August 17, 2010, about abdominal and back pain, but Med-Tech Amy failed to alert a doctor regarding this issue. Next, Plaintiff alleges that Defendant Unknown 8 Gallery Officer was deliberately indifferent to Plaintiff's serious medical needs on September 7, 2010, when that Defendant failed to summon medical attention for 25-35 minutes after Plaintiff informed the Officer that he was having difficulty breathing due to his asthma condition. Next, Plaintiff alleges that Defendants Frank Lawrence, Grievance Counselor, and Gail Walls, Director of Nurses, are responsible for failing to respond to over 15 grievances that Plaintiff filed regarding his medical conditions. Plaintiff also alleges that Defendant Lawrence conspired to retaliate against Plaintiff for filing those grievances by refusing to place Plaintiff with a prison job and denying him access to his personal mail. Plaintiff believes that Defendant Lawrence's actions constitute 1) an unlawful denial of his First Amendment right to

access the Courts, 2) unlawful retaliation in violation of the First Amendment, and 3) conspiracy to violate his First Amendment rights.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Wexford,[1] Dr. Fuentas, and Defendant Dr. M Fahim for deliberate indifference to his serious medical needs (Count 1) for their refusal to permit Plaintiff to see a specialist. Plaintiff has also stated a colorable claim against Defendants Dr. Fuentas and Dr. M Fahim for unlawful retaliation (Count 2).

However, the claims against Defendant IDOC is dismissed on initial review because it is not proper party under § 1983. *See Will v. Michigan Department of State Police*, **491 U.S. 58, 71 (1989);** *see also, e.g., Andreola v. Wisconsin*, **171 Fed.Appx. 514, 515, 2006 WL 406301, \*1 (7th Cir. 2006) (explaining that State correctional entities are not appropriate defendants in § 1983 claims even when injunctive relief is requested pursuant to** *Ex parte Young***, 209 U.S. 123 (1908));** *Billman v. Indiana Dept. of Corr.*, **56 F.3d 785, 788-89 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).** The claims against Defendants Rednour and Walls for failing to respond to grievances are also dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* **266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not specifically alleged that Rednour and Walls are "personally responsible for the deprivation of a constitutional right" *Id.* Accordingly, Defendants IDOC, David Rednour, and Gail Walls are **DISMISSED** as Defendants.

---

[1] *See, e.g., Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) ("a corporate entity violates an inmate's constitutional rights if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners" (citations and internal quotations omitted)).

After a thorough reading of the complaint, it appears that Plaintiff has failed to state allegations against Defendants K. Criss and Unknown Emergency Room Physician Assistant. These two individuals will also be **DISMISSED** as defendants. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Collins v. Kibort*, 143 F.3d 331, 334-35 (7th Cir. 1998) ("**A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.**").

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g). Plaintiff's complaint contains a litany of claims against several different defendants: 1) deliberate indifference to medical needs against Wexford, Dr. Fuentas, and Dr. M Fahim and unlawful retaliation against Defendants Dr. Fuentas, and Dr. M Fahim (Counts 1 and 2), 2) deliberate indifference to serious medical needs against Defendant Med-Tech Amy (Count 3), 3) deliberate indifference to serious medical needs against defendant Unknown 8 Gallery Officer (Count 4), and 4) denial of right to access the Courts, retaliation, and conspiracy against Defendant Frank Lawrence (Counts 5-7). Counts 1-2, Count 3, Count 4, and Counts 5-7 all arise out of separate and unrelated transactions.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 3, **SEVERS** Count 4, and **SEVERS** Counts 5-7 of Plaintiff's complaint.

The Clerk and **DIRECTED** to open a new case with a newly-assigned case number for each severed case.

The Court further directs the Clerk to add to the docket of the newly-opened cases a copy of Plaintiff's complaint, the IFP application from this case, and a copy of this order. If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened cases, he must notify the Court within 30 days. Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in each case.

**Disposition**

Defendant IDOC is **DISMISSED** from this action with prejudice. Defendants David Rednour, Gail Walls, K. Criss, and Unknown Emergency Room Physician Assistant are **DISMISSED** from this action without prejudice. Count 3, Count 4, and Counts 5-7 are severed into separate actions, for which the Clerk shall open new cases. Defendants in the instant action for Counts 1 and 2 are Wexford, Dr. Fuentas, and Dr. M Fahim. In the new case concerning Count 3, the Defendant is Med Tech Amy. In the new case concerning Count 4, the defendant is Unknown 8 Gallery Officer. In the new case concerning Counts 5-7, the defendant is Frank Lawrence. Plaintiff shall notify the Court by September 14, 2012, if he does not wish to proceed with this case or any one or all of the newly-opened cases. At that time, the Court will order service of process on Defendants.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2012**

/s Michael J. Reagan
Michael J. Reagan
United States District Judge
