IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONTRELL PLUMMER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  11-cv-682-MJR-SCW |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **FE FUENTES, and MAGID FAHIM,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions to amend Complaint filed by Plaintiff. Plaintiff has first filed a Motion to Amend Complaint (Doc. 70) in which he seeks to add other Defendants that are responsible for the hazardous living conditions at Menard, although Plaintiff does not name these individuals. His Second motion for Substitution of Named Defendants in Place of IDOC (Doc. 71) seeks to add several IDOC directors and wardens to his Complaint. Based on the following, the Court **DENIES** both of Plaintiff's motions.

Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1)** "[a] party may amend its pleading once as a matter of course" before a response pleading is served. The Court notes, however, that all three Defendants have filed an Answer to his original Complaint. Plaintiff must now seek to further amend his Complaint pursuant to Rule 15(a)(2) which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." The Court notes that Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires." There is no indication that Defendants have consented to the amendments so the Court would have to

grant Plaintiff leave before he may file his Amended Complaint.

The decision to grant a plaintiff leave to further amend a Complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, **521 F.3d 686, 698 (7th Cir. 2008);** *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). However, leave to amend may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 388 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004); *Knapp v. Whitaker*, **757 F.2d 827, 849 (7th Cir. 1985) (court should consider prejudice to non-moving party);** *Forman v. Davis*, **371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2s 222 (1962);** *Orix Credit Alliance*, 125 F.3d at 480. A court may also deny leave to amend if the proposed amendment would be futile, meaning that it would not survive a motion to dismiss. *See Soltys v. Costello*, **520 F.3d 737, 743 (7th Cir. 2008);** *Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.*, **383 F.3d 552, 558 (7th Cir. 2004);** *Barry Aviation Inc.*, 377 F.3d at 687 and n. 3 (collecting cases).

Further, if a plaintiff seeks to add entirely new claims or parties, then the new claims must be related in some way to the claims currently in the case. *See* **FED.R.CIV.P. 20 ("All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").** Entirely new claims are also subject to screening under 28 U.S.C. § 1915A which requires the Court to identify and dismiss any legally insufficient claim. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." **28 U.S.C. § 1915A.**

Here Plaintiff indicates that he wishes to file an Amended Complaint substituting various individuals, including Director Michael Randle, Director Salvador A. Godinez, Warden John Doe, and Warden Rick Harrington in place of IDOC.  The Court notes that Plaintiff's original Complaint alleged that IDOC violated Plaintiff's constitutional rights by taking his personal property by requiring him to pay co-pays every time he received medical treatment at Menard Correctional Center and by the inhumane conditions of confinement at Menard Correctional Center.  District Judge Michael J. Reagan dismissed the claims against IDOC with prejudice because IDOC was not a proper party under § 1983.   The only claims which survived §1915A review in the instant case were a deliberate indifference to medical needs claim against Wexford, Fahim, and Fuentes, and a retaliation claim against Fuentes and Fahim.

Plaintiff now seeks to substitute IDOC for several named Defendants.   However, the claims against IDOC were dismissed *with prejudice* and are no longer a part of this suit.   To the extent Plaintiff seeks to amend his Complaint to add claims against various individuals for alleged inhumane living conditions at Menard Correctional Center, those claims are unrelated to the current claims against Wexford, Fahim, and Fuentes and do not belong in this case.   Plaintiff alleges that these new individuals subjected him to inhumane conditions by housing him and other inmates in cell houses with excessive dust, mold, and mildew, exposure to lead pain, leaking lead pipes, and exposure to asbestos.   These are entirely new claims which must be brought in a new suit after exhausting his administrative remedies against these individuals.   Thus, the Court **DENIES** both of Plaintiff's motions to amend (Docs. 70 & 71).

**IT IS SO ORDERED**.
DATED:   March 5, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge